(88 Misc. Rep. 524)

## CITY OF NEW YORK v. ALHEIDT.

(Supreme Court, Appellate Term, First Department. January 27, 1915.)

MUNICIPAL CORPORATIONS (§ 597*)—BUILDING REGULATIONS—VENT PIPES—DUTY TO EXTEND.

> New York Plumbing Regulations, § 50, provides that all pipes issuing from extension or elsewhere, which would otherwise open within 20 feet of the window of any building, must be extended above the top of any building located within such distance, and when a building exceeds in height that of an adjoining building, and windows and openings are cut in the wall on the lot line within 20 feet of the roof terminal of any soil, waste, or vent pipe, the owner of the higher building shall defray the expense of extending the pipe above the roof of the higher building, or shall himself make the alteration. *Held*, that the word "adjoining" was used in such provision in its strict sense, and *not* as equivalent to "adjacent," thus applying only to buildings built one against the other, and as to such buildings imposed the duty of extending vent pipes, so described, on the owner of the higher building, and hence did not justify a recovery of a penalty for violation against the owner of the lower building.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1325, 1354; Dec. Dig. § 597.*

> For other definitions, see Words and Phrases, First and Second Series, Adjoining.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the City of New York against Conrad Alheidt. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Louis Wendel, Jr., and Robert J. Robeson, both of New York City, for appellant.

Frank L. Polk, Corp. Counsel, of New York City (John P. O'Brien and John P. Morris, both of New York City, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PAGE, J. This is an action to recover a penalty of $250 for violation of a regulation adopted by the bureau of buildings under authority of section 141 of the Building Code. The section of the Plumbing Rules and Regulations which it is claimed the defendant has violated, is as follows:

"Sec. 50. All pipes issuing from extension or elsewhere, which would otherwise open within 20 feet of the window of any building, must be extended above the top of any window located within such distance. When a building exceeds in height that of an adjoining building, and windows or openings are cut in the wall on the lot line within 20 feet of the roof terminal of any soil, waste or vent line now in place or subsequently installed in the lower building, the owner of the higher building shall defray the expense of extending such soil, waste or vent lines above the roof of the higher building or shall himself make such alteration."

The defendant owns premises known as Nos. 702 and 704 Washington street, in the city of New York. On the adjoining lot is a building which was built subsequent to the erection of the defendant's building, and is 10 or 12 stories higher. The higher building contains windows which are within 12 feet of the vent pipe of the defendant's building. It is for a failure to extend the said vent pipe above the top of the said windows that the defendant has been adjudged liable for a penalty in the sum of $250, pursuant to the regulation above quoted.

The regulation expressly states that:

"The owner of the higher building shall defray the expense of extending said * * * vent lines above the roof of the higher building or shall himself make such alteration."

I am of the opinion that the duty is thus imposed upon the owner of the higher building, who has caused the violation, of extending the pipe above his own roof, and the liability is primarily upon him for failure to comply with the regulation. It might well be that, if the owner of the lower building should refuse to allow the alteration upon his premises to be made, he would be liable under the terms of the ordinance; but in the case at bar there is no evidence of such refusal. The record also contains some evidence, though it is unsatisfactory and conflicting, that the two buildings under consideration are not adjoining buildings, but are separated from one another by a space of approximately 4 feet. If such be the case, it would seem that the provisions of the regulation relied upon would not apply, since they clearly and expressly relate to adjoining buildings. That the word "adjoining" is intended to be used in its strict sense, and not as equivalent to "adjacent," appears from the clause in the ordinance "and windows or openings are cut in the wall on the lot line. * * *"

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.